NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12372


KULSOON AHMED-KAGZI & others[1]  vs.  SHAVONNA M. WILLIAMS.



May 15, 2018.



Unauthorized Practice of Law.  Summary Process.  Practice,
     Civil, Summary process, Standing.  Jurisdiction, Summary
     process, Housing Court.  Housing Court, Jurisdiction.
     Consumer Protection Act, Unfair or deceptive act.


     Over the last decade, Fred Basile, a property manager, has
by his own admission initiated more than ninety summary process
cases in his own name or in the name of his sole proprietorship,
in each case seeking to evict tenants from properties that he
does not own.  This is one of those cases.  In another of those
cases, Rental Prop. Mgt. Servs. v. Hatcher, 479 Mass.    ,
(2018), decided today, we held that Basile had no standing to
bring a summary process action in his own name when he was
neither the owner nor the lessor of the property.  We also held
that, to the extent that he was acting as the agent of the
property owner, Basile engaged in the unauthorized practice of
law by signing and filing the complaint because he was not an
attorney.  Id. at    .  Finally, we held that Basile's conduct
on its own did not constitute an unfair or deceptive practice in
violation of G. L. c. 93A.  Id. at    .  For the reasons stated
in Hatcher, supra, we reach the same conclusions here.[2]

     Background.  In 2016, Basile filed a summary process
complaint in the Housing Court to evict Shavonna Williams from

---

     [1] Rental Property Management Services, Fred Basile, and Ayaz
G. Kagzi.

     [2] We acknowledge the amicus brief submitted by the Harvard
Legal Aid Bureau and the Massachusetts Law Reform Institute.

her home.  Where the complaint form asked for the name of the "PLAINTIFF/LANDLORD/OWNER," Basile wrote the name of his sole proprietorship:  "Rental Property Management Services."  Where the complaint asked for the name and signature of the "Plaintiff or Attorney," Basile printed and signed his own name.

Williams asserted counterclaims against Basile for the unauthorized practice of law and violations of G. L. c. 93A.  In answer to Williams' request for admissions, Basile admitted that he is neither the owner nor the lessor of the property in which Williams resides,[3] and that he is not an attorney.  He also admitted that since 2007, he has initiated over ninety summary process cases in his own name or in the name of Rental Property Management Services with respect to properties that he does not own.

Williams moved for partial summary judgment on her c. 93A counterclaims, arguing that by commencing a summary process action against her when he was neither the owner nor the lessor of the property, and was not an attorney, Basile had committed an unfair and deceptive practice in violation of c. 93A.  Loretta Hatcher, the tenant in Hatcher, 479 Mass. at    , brought a similar motion, based on the same conduct by Basile, and both motions were argued in the same hearing.  Although the cases were not consolidated, the judge ruled on both motions in a single order.

The judge found that it was undisputed that Basile was not the owner or the lessor of the properties at issue, and therefore concluded that both cases were subject to dismissal.  The judge enjoined Basile from commencing summary process actions in his own name or in the name of Rental Property Management Services with respect to properties he does not own or lease.  However, the judge denied the tenants' motions for partial summary judgment and entered judgment in favor of Basile on the tenants' c. 93A counterclaims, for reasons summarized in detail in Hatcher, 479 Mass. at    .

Discussion.  This case presents the same legal issues as does Hatcher, based on the same conduct by the same individual.  For all the reasons stated in Hatcher, we hold that Basile did not have standing to commence a summary process action in his own name against Williams, and that by signing and filing the complaint, he engaged in the unauthorized practice of law.  See

---

[3] The owners of the property, Kulsoon Ahmed-Kagzi and Ayaz Kagzi, were later added to the case as plaintiffs.

id. at    .  We further hold that his conduct in signing and filing the summary process complaint, without more, did not violate G. L. c. 93A.  See id. at    .  At the same time, we also hold, as we did in Hatcher, that where a plaintiff seeks to evict a tenant without the standing to do so, or where a person who is not authorized to practice law signs and files a summary process complaint -- and where that conduct is not inadvertent but by design, or part of a pattern or practice -- a court has the inherent authority, in the exercise of its sound discretion, to impose appropriate sanctions, including attorney's fees and other costs, in order to ensure the fair administration of justice and to deter such conduct in the future.  Id. at    .

The order denying Williams' motion for partial summary judgment and entering judgment in favor of Basile is affirmed, and the case is remanded to the Housing Court judge to determine whether sanctions are warranted against Basile pursuant to the court's inherent power to ensure the fair administration of justice and, if so, in what amount.

So ordered.

Hugh D. Heisler for the defendant.
Stanley D. Komack (John B. Stewart & Jason R. Ferenc also present) for Rental Property Management Services & another.
Patricia Whiting & Andrea Moon Park, for Harvard Legal Aid Bureau & another, amici curiae, submitted a brief.